IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALTER DUANE WHITE,
:
    Plaintiff
:
: CIVIL NO. 3:CV-09-591
    v.
:
: (Judge Caldwell)
HARRELL WATTS,
:
    Defendant
:

*M E M O R A N D U M*

I. *Introduction*

    Walter Duane White, an inmate at the Federal Correctional Institution, Butner, North Carolina, filed this pro se civil rights action. Service of the Complaint was ordered on April 2, 2009. (Doc. 6).[1] Named as the sole defendant is National Inmate Appeals Administrator Harrell Watts of the Federal Bureau of Prisons ("BOP").

    By Order dated February 25, 2010, Plaintiff's motion requesting leave to file an Amended Complaint was granted by Judge Vanaskie of this Court. The Order specifically forewarned Plaintiff that failure to timely submit an amended complaint by March 30, 2010, or otherwise respond to the Order would result in dismissal of his action for failure to prosecute.

    By Memorandum and Order dated April 16, 2010, Judge Vanaskie dismissed Plaintiff's action for his failure to submit an Amended Complaint.

---

[1] White was previously confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan) from August 2008 to March 2009.

The case has been transferred to the undersigned, and we are considering Plaintiff's motion for reconsideration of the dismissal order and to fix a clerical error.

II.     *Discussion*

Plaintiff asserts that he did in fact file a timely amended complaint. However, he contends that due to a clerical error, his amended complaint was construed by the Clerk of Court's office as being an entirely new action, *White v. Watts*, Civil No. 3:CV-10-534 (M.D. Pa.), which is presently pending before Judge Munley of this Court.

A motion for reconsideration is a device of limited utility. It may be used only to remedy manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

It is noted that the purported amended complaint described by Plaintiff was not labeled as being an amended complaint. Moreover, it did not contain a docket

number and was accompanied by an in forma pauperis application, a motion seeking preliminary injunctive relief, and a motion for appointment of counsel. None of those additional filings included the docket number or otherwise referenced this case.

Based upon those circumstances, it was reasonable for White's submissions to be docketed as a new cause of action by the Clerk of Court's office. It is also noted that since the attempted amended complaint was in fact docketed, under a new number, No. 3:CV-10-534, and is still pending, Plaintiff has not been prejudiced by the failure to file the complaint in this case.[2] Additionally, if this Court were to grant the reconsideration motion, we would have to dismiss his current case, as the claims in both cases are the same. Such action would only needlessly delay resolution of Plaintiff's claims. Accordingly, the reconsideration motion will be denied.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 22, 2010

---

[2] This Court will not require Plaintiff to pay two filing fees for his pursuit of the same claims. Accordingly the Administrative Order issued in this matter for the collection of the filing fee will be vacated.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WALTER DUANE WHITE, :
:
    Plaintiff :
: CIVIL NO. 3:CV-09-591
  v. :
: (Judge Caldwell)
HARRELL WATTS, :
:
    Defendant :

*O R D E R*

AND NOW, this 22nd day of October, 2010, it is ordered that:

    1. Plaintiff's motion (doc. 74) for reconsideration and to fix clerical error is denied.

    2. The Administrative order issued in this matter on April 1, 2009 (doc. 7) is vacated.

    3. The Clerk of Court is directed to mail a copy of this Order to the Warden at Plaintiff's current place of confinement.

                             /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge